BURNIE McCALL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
McCall v. Commissioner
Docket No. 2838-74
United States Tax Court
T.C. Memo 1983-136; 1983 Tax Ct. Memo LEXIS 652; 45 T.C.M. (CCH) 977; T.C.M. (RIA) 83136; March 15, 1983. Burnie McCall, pro se. Ruth E. Salek, for the respondent. COHEN
MEMORANDUM OPINION COHEN, Judge: By a statutory notice of deficiency dated April 3, 1974, respondent determined the following deficiencies and additions to petitioner's income tax for the years 1968 through 1971: Addition to Tax
Year
Deficiency
Sec. 6653(b) [1]
1968
$1,641.88
$820.94
1969
8,145.87
4,072.94
1970
20,606.33
10,303.17
1971
3,207.96
1,603.98
*653 Certain facts are deemed stipulated pursuant to an order previously made under Rule 91(f), Tax Court Rules of Practice and Procedure; the remaining facts are gleaned from the exhibits admitted into evidence at trial. The issues for our determination are whether petitioner omitted from income the amounts claimed by respondent; whether respondent's determinations for 1968 and 1969 are barred by the statute of limitations; and whether petitioner's understatement of income for each of the years in issue is due to fraud. Petitioner timely filed joint Federal income tax returns with his wife, Hattie McCall, for the taxable years here in issue and reported gross income of $7,242.58 for 1968; of $5,240.87 for 1969, of $4,814.21 for 1970; and of $12,330 for 1971. Respondent determined that petitioner had additional gross income for the taxable years 1968, 1969, 1970, and 1971 in the amounts of $6,175.23, $33,758.71, $234,000, and $42,000, respectively. Petitioner resided at the United States Penitentiary in Leavenworth, Kansas, at the time of the filing of the petition herein in service of a 17-year sentence resulting from a conviction of conspiring to sell and transport narcotics. *654 Petitioner currently resides in South Ozone Park, New York. Representing himself in this proceeding, petitioner filed and argued numerous motions, designed primarily to strike government evidence, to provide him with transcripts and an attorney at the government's expense, and to compel respondent's compliance with his discovery requests. After these motions were denied, petitioner simply stopped prosecuting his case, failing to respond to requests for a stipulation, to appear in court for his trial, or to file a brief in support of his petition, although he had by then been released from prison and notified of these proceedings. 1. Unreported Income
With respect to the deficiencies for 1968 and 1969, it was necessary for respondent to compute petitioner's income using the expenditures method because petitioner failed to keep adequate and complete books and records or to produce said records or other information regarding his income upon respondent's request. This is an acceptable method of determining income for those years, and a presumption of correctness adheres to respondent's determination; petitioner bears the burden of going forward with the evidence to show *655 that the determination is incorrect. Rule 142(a), Tax Court Rules of Practice and Procedure; Barnes v. Commissioner,408 F.2d 65 (7th Cir. 1969). Petitioner at one stage of this case claimed that he received a loan of $35,000 in 1968 that provided for the expenditures in 1968 and 1969, but he did not present any evidence to support this claim. His failure to appear at trial leaves us no alternative but to sustain the deficiencies for those years. Respondent determined that petitioner had unreported income for 1970 and 1971 derived from 39 sales of one-eighth kilo of heroin in 1970 and seven similar sales in 1971. The amount received by petitioner for each sale was determined to be $6,000, and petitioner's cost and expenses for each one-eighth kilo was determined to be $4,250. Petitioner's conviction was in 1972 and was based on a jury finding that from "on or about the 1st day of March 1970 * * * up to and including the 28th day of February, 1971, * * * [he] unlawfully, wilfully, and knowingly combined, conspired, confederated and agreed to unlawfully, wilfully and knowingly sell, barter, exchange and give away narcotic drugs, to wit, heroin and cocaine * *656 * *." We have held that the presumption of correctness does not adhere to a deficiency based upon income received from hidden sales of illegal narcotics without some evidence that links the petitioner to the alleged income-producing activity. Jackson v. Commissioner,73 T.C. 394 (1979). Respondent satisfied this requirement, however, by submitting evidence of petitioner's conviction for the commission of the income-producing activities and establishing the existence and amount of the deficiency. Thus, we find that petitioner realized the income attributed to him in the deficiency notice with respect to those years. 2. Statute of Limitations
Inasmuch as the income omitted from petitioner's 1968 and 1969 returns exceeds 25 percent of the gross receipts stated on the respective returns, the 6-year period of limitations provided by section 6501(e)(1)(A) applies, and the statutory notice, dated April 3, 1974, was timely. In any event, the statute of limitations is no bar to assessment against 1968 and 1969 if respondent establishes that the underpayments were due to fraud. (No arguably applicable period of limitations had expired with respect to the 1970 *657 and 1971 tax years when the notice was issued.) 3. Fraud
Respondent has the burden of proving by "clear and convincing" evidence that the underpayments were due to fraud. Sec. 7454(a); Rule 142(b). In sustaining his burden of proof, respondent is not required to prove the precise amount of the underpayment resulting from fraud, but only that "any part" of the underpayment is attributable thereto. Otsuki v. Commissioner,53 T.C. 96 (1969). Because direct evidence of fraud is rarely available, respondent may prove fraudulent intent through the implications of circumstantial evidence, Stone v. Commissioner,56 T.C. 213 (1971); Otsuki v. Commissioner,supra.A pattern of substantial underreporting is an example of circumstantial evidence that establishes fraudulent intent. Schroeder v. Commissioner,291 F.2d 649 (8th Cir. 1961), affg. a Memorandum Opinion of this Court. Petitioner failed to report gross receipts of $6,175.23 in 1968, $33,758.71 in 1969, $234,000 in 1970, and $42,000 in 1971, underreporting his taxable income by $6,175.23, $33,571.86, $68,382.02, and $12,419.06, respectively. In addition, *658 petitioner was engaged in illegal, income-producing activities, which he sought to conceal from the government. He failed to maintain adequate records or to produce them for examination by respondent. Judging from his various appearances before this Court, petitioner is an intelligent individual who surely understood that he was required to report all of his income and that his failure to do so resulted in an underpayment of tax. These facts constitute clear and convincing evidence that the deficiencies for the years in issue were due to fraud. Decision will be entered for the respondent.
Footnotes
1. Unless otherwise noted all references are to the Internal Revenue Code of 1954, as amended.↩